ORIGINAL

# In the United States Court of Federal Claims

No. 16-1407L
(Filed: June 21, 2017)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
WILLIAM H. WHITE,                               *
                                                *
            Plaintiff,                          *
                                                *
     v.                                         *
                                                *
THE UNITED STATES,                              *
                                                *
            Defendant.                          *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

FILED

JUN 2 1 2017

U.S. COURT OF
FEDERAL CLAIMS

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

Plaintiff pro se William H. White is a resident of Missouri, and claims to be a member of the Pembina Nation Little Shell Band of North America tribe.[2] Compl. 1, 8. Plaintiff alleges that he has been charged by the state of Missouri with a felony count of driving without a valid state license, which carries a four-year sentence, despite having a tribal driver's license. Id. at 2. Plaintiff alleges that because the state statute prohibiting driving without a license conflicts with treaty rights granted to Native Americans to travel, hunt, or inhabit the land, the State of Missouri lacks jurisdiction to prosecute him for this offense. Id. at 7. Plaintiff also alleges that the County Court is discriminately supporting the Red Lake Chippewa tribe at the expense of the Pembina Nation Little Shell of the Chippewa tribe, but does not specify the form that this discrimination takes. Id. at 8. Plaintiff seeks a writ of mandamus and injunctive relief against the State of Missouri and Johnson County "to conform to United States Law and provide relief to Pembina

---

[1]   This background is derived from Plaintiff's complaint.

[2]   The Pembina Nation Little Shell Band of North America is not a federally recognized tribe. Neal v. Arizona, No. CV-09-8203-PCT-JAT, 2010 WL 231552, at *2 (D. Ariz. Jan. 14, 2010).

people." Id. at 9. Plaintiff requests that this Court prevent the State of Missouri from further damaging the Pembina people. Id. at 11.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal quotations omitted)).

Plaintiff names Johnson County and the state of Missouri as Defendants, however the only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). To the extent that Plaintiff alleges claims against parties other than the United States, this Court lacks jurisdiction to entertain those claims.

Plaintiff identifies the Fourth and Fifth Amendments and Article I section 8 of the Constitution as bases for this Court's jurisdiction over his claims. However, these provisions do not grant this Court jurisdiction over Plaintiff's claims, as they are not money-mandating. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (finding that the Fifth Amendment does not form "a sufficient basis for jurisdiction because [it does] not mandate payment of money by the government"); LaChance v. United States, 15 Cl. Ct. 127, 130 (1988) ("[T]he fourth amendment does not mandate payment of money by the United States."). Article 1 section 8 of the Constitution enumerates Congress' powers to, inter alia, collect taxes and duties, borrow money, regulate

2

commerce, and coin money, but is not money-mandating and does not grant this Court the authority to adjudicate Plaintiff's claim.

Plaintiff also relies on 18 U.S.C. § 11, which defines a foreign government, and § 1091, which addresses genocide, as grounds for this Court's jurisdiction over his claims, but this Court lacks jurisdiction over all criminal matters. Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); Clifford v. United States, No. 10-744C, 2011 WL 5508980, at *3 (Fed. Cl. Nov. 8, 2011) (finding that genocide is a criminal claim and therefore does not fall under this Court's jurisdiction).

Finally, Plaintiff alleges fraud, identity theft, conversion, and conspiracy, but because these claims sound in tort, this Court lacks jurisdiction to entertain them. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008); Cycenas v. United States, 120 Fed. Cl. 485, 498 (2012) ("To the extent plaintiff's complaint asserts claims of conspiracy . . . [and] identity theft . . ., those claims sound in tort . . . [and] this court lacks jurisdiction to adjudicate those claims."); Block v. United States, 66 Fed. Cl. 68, 72 (2005) (stating that it is "well-settled" that conversion sounds in tort and therefore falls outside of the jurisdiction of this Court).

Plaintiff does not seek money damages in his complaint, but instead requests that this Court enjoin the State of Missouri from inflicting further damage to the Pembina people. This Court has limited power to grant equitable relief. Equitable relief is permitted only in certain tax cases, bid protests, and in situations where such relief is an "incident of and collateral to" a monetary judgment. 28 U.S.C. § 1491(a)(2); Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003); see Order (October 31, 2016). As none of these conditions are met, this Court cannot grant Plaintiff's requested injunctive relief.

### Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

MARY ELLEN COSTER WILLIAMS
Judge

3